USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

JOSEPH YERARDI, JR.,

       Petitioner,

   - against -

FEDERAL BUREAU OF PRISONS,

       Respondent.
────────────────────────────────

**REPORT AND RECOMMENDATION**

**10 Civ. 5286 (GBD) (RLE)**

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 2241, *Pro Se* Petitioner Joseph Yerardi, Jr. ("Yerardi") petitions for a writ of habeas corpus, challenging the method used by the Federal Bureau of Prisons ("BOP") to calculate the credit that federal prisoners are awarded towards their sentences for good behavior, known as Good Conduct Time ("GCT"). Yerardi claims that the method currently used by the BOP to calculate GCT pursuant to 18 U.S.C. § 3624(b) violates Congressional intent in passing that statute. For the reasons set forth below, I recommend that Yerardi's petition be **DENIED**.

## II. FACTUAL BACKGROUND

On May 28, 2009, Yerardi pled guilty in the United States District Court of the District of Massachusetts to Racketeering Conspiracy, Racketeering, Illegal Gambling Business, Use of Wire Communication Facility, Money Laundering Conspiracy, and Extortionate Collection of Credit Conspiracy. (Pet. for Writ of Habeas Corpus ("Pet.") 3, July 12, 2010.) He was sentenced to 100 months in prison. (*Id.*) On December 11, 2009, Yerardi asked for informal resolution of a claim that his GCT was being incorrectly calculated and that he was due to receive GCT of 54 days per year. (*Id.*, Ex. A.) On December 28, 2009, he received notice that this claim had to be

addressed through the formal administrative remedy process. (*Id.*) He filed a request for an Administrative Remedy on December 30, 2009, which was denied on January 22, 2010. (*Id.*) He unsuccessfully appealed the decision at the regional and national administrative levels, and received the final denial of his appeal on April 10, 2010. (*Id.*) The instant petition was filed on July 12, 2010. (*Id.* at 1.)

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Before a petitioner may request habeas corpus review of his continued detention, he is required to exhaust his administrative remedies. *See Zambra v. McElroy*, 1999 WL 163565, at *2 (S.D.N.Y. Mar. 24, 1999) ((citing *Rodriguez v. McElroy*, 1999 WL 102751, at *3 (S.D.N.Y. Feb. 25, 1999); *Oliva v. INS*, 1999 WL 61818, at *3-4 (S.D.N.Y. Feb. 10, 1999); *Abdul v. McElroy*, 1999 WL 58678, at *3-4 (S.D.N.Y. Feb. 4, 1999); *Lleo-Fernandez v. INS*, 989 F. Supp. 518, 519 (S.D.N.Y. 1998); *Ahmed v. McElroy*, 1997 WL 414119, at *3 (S.D.N.Y. July 24, 1997)). However, there is an exception to the exhaustion requirement where an administrative appeal would be futile, or where a claimant raises a constitutional claim that could not be resolved through the administrative process. *See Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995); *see also Cabreja-Rojas v. McElroy*, 999 F. Supp. 493, 496 (S.D.N.Y. 1998) (finding that exhaustion of administrative remedies is not required with respect to facial constitutional attacks on a statute or regulation because agencies may not pass upon direct constitutional challenges to the statutes or regulations they administer).

Here Yerardi pursued his administrative remedies to the ultimate level, raising his sole claim at every opportunity. His administrative remedies were exhausted on April 10, 2010, when he received notice of the denial of his appeal to the national office of inmate appeals. (*See* Decl.

of Cynthia C. Cagalj ("Cagalj Decl.") ¶ 9, Oct. 14, 2010.) As a result, this Court may consider his claim on the merits.

## B. Merits of the Claim

Yerardi is challenging the method by which BOP calculates his GCT under 18 U.S.C. § 3624(b). The statute, which was passed as part of the Sentencing Reform Act of 1984, reads, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b). BOP has interpreted this statute such that, if a prisoner meets the requirements for an award of GCT, 54 days GCT are granted for each year *actually served*. 28 C.F.R. § 523.20. Under BOP's method, after serving the first full seven years of his sentence in accordance with the requirements of 18 U.S.C. § 3624, Yerardi will be awarded 378 days of GCT. He will then have three months and four days remaining, which will be prorated to afford 14 days of GCT, for a total of 392 days GCT and a release date of July 12, 2012. (Cagalj Decl. ¶ 8.) Yerardi argues that GCT should instead be awarded based on the sentence imposed, which would give him an extra 58 days of GCT, for a release date of May 15, 2012. (*See* Pet. 5.) Yerardi contends that his reading is the one compelled by the plain language of the statute. (*Id.*)

Since Yerardi filed his petition, the Supreme Court addressed this exact issue in *Barber v. Thomas*, decided on June 7, 2010. 130 S. Ct. 2499 (2010.) Like Yerardi, the two petitioners in *Barber* argued that 18 U.S.C. § 3624 "requires a straightforward calculation based upon the length of the term of imprisonment that the sentencing judge imposes, not the length of time that

3

the prisoner actually serves." *Id.* at 2503. The Supreme Court rejected this argument and upheld BOP's interpretation of the statute. *Id.* at 2502. The Court found that the use of the phrases "at the end of" and "during that year" in the statute "reveal a purpose to move from a system of prospective entitlement to a system of retrospective award." *Id.* at 2505 (internal citations omitted.) Further, BOP's reading was more consistent with the basic purpose of the Sentencing Reform Act, as "[i]t ties the award of good time credits directly to good behavior during the preceding year of imprisonment." *Id.* By contrast, the reading suggested by Yerardi and the *Barber* petitioners would

> award good time credit not only for the days a prisoner spends in prison and behaves appropriately, but also for days that he will not spend in prison at all . . . By doing so, it loosens the statute's connection between good behavior and the award of good time and transforms the nature of the exception to the basic sentence-imposed-is-sentence-served rule.

*Id.* at 2505-06.

Because Yerardi's argument was directly foreclosed by the Supreme Court's ruling in *Barber*, his petition should be denied. Additionally, contrary to the requirements of 28 U.S.C. §§ 2241-43, Yerardi improperly named the BOP as the respondent in his petition, rather than the Warden of the facility where he is being held. Warden Janice Killian should be substituted as the Respondent in this action and the case caption should be amended accordingly.

## IV. CONCLUSION

For the reasons articulated above, I respectfully recommend that Yerardi's petition for writ of habeas corpus be **DENIED** and that Janice Killian be substituted as the Respondent in the case caption.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written

objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § §636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: October 21, 2010**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation was sent to:

Petitioner:
Joseph Yerardi, Jr.
16036-038
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

Respondent:
Jaimie Leeser Nawaday
Assistant United States Attorney
86 Chambers Street
New York, NY 10007