UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH YERARDI, JR.,

                Petitioner

-v-

FEDERAL BUREAU OF PRISONS,

                Respondent.

MEMORANDUM DECISION AND ORDER
10 CV 05286 (GBD) (RLE)

GEORGE B. DANIELS, District Judge:

    *Pro se* Petitioner Joseph Yerardi, Jr. brings this writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") method for calculating Good Conduct Time ("GCT"). Petitioner was sentenced to 100 months imprisonment after pleading guilty to racketeering conspiracy, racketeering, illegal gambling business, use of wire communication facility, money laundering conspiracy, and extortionate collection of credit conspiracy. Petitioner filed the instant action after his request for an administrative remedy was denied and he unsuccessfully appealed the decision at the regional and administrative levels. This Court referred the matter to Magistrate Judge Ronald L. Ellis for a Report and Recommendation ("Report"). Magistrate Judge Ellis issued a Report recommending that the petition be denied in its entirety.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Ellis advised Petitioner that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner submitted a memorandum to the Court, dated November 27, 2010, indicating his objections to the Report issued by Magistrate Judge Ellis. This Court has examined the Magistrate Judge's report in light of Petitioner's objections. Because Petitioner has not articulated any meritorious objections, this Court adopts the Report's recommendation in its entirety.

Magistrate Judge Ellis appropriately concluded that Petitioner improperly named the BOP as the Respondent. 28 U.S.C. § 2243 requires "[t]he writ . . . be directed to the person having custody of the person detained." Janice Killian is the warden of the correctional facility where Petitioner is currently being held. Thus, Janice Killian, not the BOP, should have been named as the Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). This procedural mistake is sufficient grounds to deny the writ and dismiss the petition.

Nevertheless, Magistrate Judge Ellis properly found that Petitioner's argument was

foreclosed by Barber v. Thomas, 130 S. Ct. 2499 (2010). Petitioner presented the same issue as in Barber: whether GCT should be awarded based on time actually served or the total sentence imposed. In a 6-3 decision, the Supreme Court upheld the BOP's interpretation of time actually served because it "furthers the objective of § 3624" and "ties the award of good time credits directly to good behavior during the preceding year of imprisonment." Id. at 2502. Petitioner's argument thus lacks merit. Petitioner is not entitled to relief. Accordingly, the Court adopts the Report for the reasons stated therein.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 60 (2d Cir. 2001).

Dated:  New York, New York
        December 13, 2010

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3